UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN FRANCIONE,
DENISE FRANCIONE,

                                                                 Plaintiffs,

-vs-

UNITED VAN LINES, LLC,
SUDDATH VAN LINES, INC.,

                                                                 Defendants.

_____

DECISION and
ORDER

20-CV-6280 CJS

## INTRODUCTION

John Francione and Denise Francione ("Plaintiffs") commenced this action against United Van Lines ("United") and Suddath Van Lines ("Suddath")  for breach of contract after their furniture and household items were damaged in transit between Florida and New York. Now before the Court is defendant Suddath's unopposed Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (ECF No. 3).  The application is granted.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint and its attachments and are assumed to be true for purposes of this Decision and Order.  On or about October 15, 2016, Plaintiffs hired United to move their household possessions from Bonita Springs, Florida, to Webster, New York.  Plaintiffs entered into a written agreement with United, in which United agreed to move Plaintiffs' property from Florida to New York in exchange for the sum of $13,045.86.  Plaintiffs paid the agreed-upon amount to United. Thereafter, Suddath, a company "affiliated" with United, performed the actual packing and

transporting of Plaintiff's property.  When Suddath delivered the property to Plaintiffs in New York, a portion of it was "missing or damaged," resulting in a loss of $36,906.00.

On or about July 29, 2019, Plaintiffs commenced this action in New York State Supreme Court, Monroe County.   On or about April 30, 2020, Defendants removed the action to this court, on the grounds of federal question jurisdiction, citing 49 U.S.C. § 14706, "suit for alleged damage to interstate shipment."[1]

On May 6, 2020, Suddath filed the subject motion to dismiss the Complaint for failure to state a claim.  Suddath maintains that the relevant paperwork ("Estimate/Order for Service" and "Order for Service/Bill of Lading") identify United "as the responsible interstate motor carrier of record by its United States Department of Transportation ("USDOT") motor carrier operating license no. 077949."   Suddath argues that it was identified in the same paperwork, and acted only, as United's household goods agent, and that United ratified Suddath's authority.  Suddath contends, therefore, that it has no liability to Plaintiffs since 49 U.S.C. § 13907(a) "extinguishes an interstate motor carrier's household goods agent's liability where, as here, the agent's acts or omissions 'are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier."

On May 7, 2020, the Court issued a text order indicating that briefing of the motion would be in accordance with the Local Rules of Civil Procedure.   In that regard, Local Rule 7(b)(2)(B) indicates that Plaintiffs had fourteen days after service of the motion to file a response.  Plaintiffs have not filed any response.  Consequently, Suddath's motion is unopposed, though Plaintiffs have not indicated that they consent to the relief requested by Suddath.

---

[1] 49 U.S.C § 14706 is entitled "Liability of carriers under receipts and bills of lading."

ANALYSIS

Motions Under Rule 12(b)(6)

The legal standards to be applied on a motion to dismiss pursuant to Rule 12(b)(6)

are clear:

> To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Progressive Credit Union v. City of New York*, 889 F.3d 40, 48 (2d Cir. May 1, 2018).

> In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents "integral" to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. Jun. 3, 2014) (citations and

internal quotation marks omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929

(2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.

2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim

rests through factual allegations sufficient 'to raise a right to relief above the speculative

level.' ") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

"[A]s *Iqbal* makes clear, a plausible claim must come before discovery, not the other way around." *Angiulo v. Cty. of Westchester,* No. 11-CV-7823 CS, 2012 WL 5278523, at *3 (S.D.N.Y. Oct. 25, 2012) (citation omitted); *see also, McBeth v. Porges*, 171 F. Supp.3d 216, 236 (S.D.N.Y. 2016) (Observing that pursuant to *Iqbal*'s pleading standard, "the Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation.' ") (quoting *Iqbal* ).

<u>49 U.S.C. § 13907(a)</u>

Suddath has moved to dismiss pursuant to 49 U.S.C. § 13907(a) which states, in pertinent part:

> (a) Carriers responsible for agents. --Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier

4

or which are ratified by the carrier.

Courts have interpreted this provision as precluding liability against a motor carrier's disclosed agent. *See, e.g., Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1109 (D. Nev. 2003) (Pursuant to § 13907(a), agent of disclosed principal motor carrier cannot be held liable) (collecting cases); *see also, Werner v. Lawrence Transp. Sys., Inc.*, 52 F. Supp. 2d 567, 568 (E.D.N.C. 1998) ("Not only does the statutory language [of § 13907(a)] impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract.") (collecting cases); *Rechler v. United Van Lines LLC*, No. 218CV03960ADSGRB, 2018 WL 6173440, at *4 (E.D.N.Y. Nov. 26, 2018) ("As United's agent, Chipman is not liable for any alleged breach of the bill of lading. 49 U.S.C. § 13907 precludes Chipman's liability under the Carmack Amendment as a matter of law. . . . Even if Mayflower assisted in some manner with shipping and/or packing the Plaintiff's property, Rechler does not claim that she had any agreement with Mayflower separate from the Bill of Lading nor does she assert that Mayflower's actions were ultra vires, or outside its actual or apparent authority.") (collecting cases).

Plaintiff has not opposed Suddath's motion, nor is the Court aware of any authority on this point that is contrary to that set forth above.  Consequently, Suddath's motion is granted.

5

CONCLUSION

Defendant Suddath's motion to dismiss (ECF No. 3) is granted.  The Clerk of the

Court is directed to terminate Suddath as a party to this action.

SO ORDERED.

Dated: Rochester, New York
       October  13, 2020

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge